943 F.2d 51
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Everett HADIX, Richard Mapes, Patrick Somerville, Roosevelt
Hudson, Jr., Brent E. Koster, Lee A. McDonald, Darryl
Starges, Robert Flemister, William Lovett, James Covington,
Frank Thomas, James Hadix, Plaintiffs-Appellees,
v.
Perry M. JOHNSON, Barry Mintzes, Charles Andersen, William
Daniell Trudell, Duane Sholes, John Jabe, James Pogats, Roy
Rider, Charles Utess, Dan P. Ludec, the Michigan Corrections
Commission and William G. Milliken, Defendants-Appellants.
 No. 90-1810.
 United States Court of Appeals, Sixth Circuit.
 Aug. 29, 1991.
 
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from an award of attorney fees pursuant to 42 U.S.C. § 1988.[1] The plaintiffs are a class of inmates in the State Prison of Southern Michigan at Jackson (SPSM) who brought an action against various state officials under 42 U.S.C. § 1983 to challenge the constitutionality of the conditions under which inmates are confined at SPSM. Most of the issues in the lawsuit were settled with the entry of a consent decree. The consent decree provided, however, that "[t]he parties agree that they will submit the following question[ ] for resolution by the Court after a hearing on the merits: ... Classification."
 
 
 2
 The issue of the classification of prisoners at SPSM was not litigated before Judge Feikens, the judge who is presiding over the Hadix case in the Eastern District of Michigan. Instead, the parties agreed that the issue would be decided in the case of United States v. Michigan (hereinafter referred to as "USA "), over which Judge Enslen presides in the Western District of Michigan. The classification issue was to be determined in USA for a group of Michigan prisons that includes SPSM. The Hadix plaintiffs were permitted to act as amici curiae in the USA case, and in that capacity they presented briefs and some testimony at a three-day hearing before Judge Enslen.
 
 
 3
 In accordance with a judgment agreed to by the parties in the USA case, the defendants presented a proposed classification plan to the court. Judge Enslen rejected the defendants' plan and directed them to submit a revised plan incorporating certain compliance procedures and addressing "program needs" that the court found integral to a proper classification system.
 
 
 4
 In an order entered in the Hadix case in June of 1990, Judge Feikens awarded attorney fees pursuant to 42 U.S.C. § 1988 for the time spent by plaintiffs' counsel on the classification issue before Judge Enslen. Judge Feikens relied on an earlier order in which he had found the Hadix plaintiffs to be prevailing parties and a separate order in which he had concluded that the plaintiffs would be entitled to reasonable fees in monitoring the implementation of the decree. See Northcross v. Bd. of Educ., 611 F.2d 624, 637 (6th Cir.1979), cert. denied, 447 U.S. 911 (1980) ("Services devoted to reasonable monitoring of the court's decrees, both to insure full compliance and to ensure that the plan is indeed working ... are compensable services"). Judge Feikens concluded that the attorneys' work with respect to the classification issue was reasonably related to monitoring the Hadix consent decree.
 
 
 5
 After the attorney fee award had been made in the Hadix case, this court heard an appeal from Judge Enslen's order regarding classification and other issues in the USA case. With respect to the classification issue, we affirmed the district court's order in part and reversed it in part, remanding the case for further proceedings. United States v. Michigan, 940 F.2d 143 (6th Cir. 1991).
 
 
 6
 The work performed in USA by counsel for the Hadix plaintiffs appears to have been more directly concerned with shaping a decree, as far as classification is concerned, than with monitoring implementation of a decree. It is not clear to us, at this point, to what extent the Hadix plaintiffs will prove to have been prevailing parties on the classification issue. Accordingly, we VACATE the fee award and REMAND the case for reconsideration in light of whatever disposition is ultimately made of the classification issue in USA.
 
 
 
 [1]
 42 U.S.C. § 1988 provides that "[i]n any action or proceeding to enforce a provision of section[ ] ... 1983 ... of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."